## W. R. CORNELIUS *vs*. THOMAS & others.

### April Term, 1873.

JURISDICTION—RELIEF AFTER JUDGMENT AT LAW.—The maker of a promissory note may, after judgment against him at law thereon, come into this court for relief upon a defense only available in equity.

CASE IN JUDGMENT.—Thus, a person who becomes surety for a husband and wife, upon a bond executed to the county court to enable them to borrow a fund belonging to the wife, upon a parol agreement that the money is to be held by him, the surety, subject to the call of the court and the payment of interest to the wife, and gives his own note to the husband and wife merely as evidence that the money is in his hands, may come into this court for relief against a judgment recovered on said note by an assignee of the husband who received it after maturity.

*T. L. Dodd*, for complainant.
*Andrew McClain*, for defendants.

THE CHANCELLOR :—The bill is filed against one Thomas, and John Morrow and Phebe his wife, to enjoin the collection of a judgment recovered at law by Thomas against the complainant. The defendant Thomas has demurred.

The bill alleges that the defendant Phebe Morrow was, with her infant children, entitled to a fund of $236.60 in the county court of Davidson county, the said Phebe being entitled to the interest arising from the fund. That John Morrow in person, and his wife by counsel, agreed with complainant that if he would borrow the money, and pay her interest at the rate of ten per cent. per annum, they would esteem it a great favor. That, for this purpose, it was necessary for complainant to become surety on the bond of John Morrow and wife, that the money would be returned to the clerk of the county court when required. That said John

and wife, were, at the time of this agreement, in June, 1871, and are utterly insolvent, and complainant would not have gone on the bond, except upon condition that he was to hold the money. That it was the agreement that the complainant was to become surety on the bond, and was to hold the money, giving his note to the said John and wife, and no part of the same was to be collected or demanded except the interest annually. That afterwards, Morrow and wife came to complainant and besought him to pay the interest in advance, and execute a new note which he agreed to do, and, in compliance with the agreement, paid $20, and left with a particular individual named at the county clerk's office a new note for the principal, dated December 21st, 1871, payable two years after date, and complainant charges that he was not indebted on the old note at all but only on the new note. That said old note, after it was due, was sold to the defendant Thomas by John Morrow fraudulently for his own purposes, the wife not joining in the sale, or participating in the act. That neither Morrow nor wife has paid or will pay any part of the fund to the clerk of the county court. That Thomas sued complainant on the note before a justice of the peace and recovered judgment, and complainant appealed to the circuit court. This was only six or seven days before the commencement of the circuit court, and in making out his printed docket of the causes for trial at that term, the clerk omitted the case, and complainant and his attorney naturally supposed the papers had not been sent up in time to be placed on the Trial Docket of the term, and were taken by surprise when the case was called. That complainant's counsel asked for a continuance, which the court said it would grant if the case was a litigated one. That the counsel of Thomas thereupon called upon complainant's counsel to state his defense, and it was stated substantially as set forth in the bill, and Thomas' counsel made the objection that the defense could not be made at law, but should be in chancery, and asked for a judgment by default, remarking that the defendant could file his bill to enjoin the judgment. That the circuit

judge then directed judgment to be entered, not as of a jury, but by default, saying that the court would not entertain the defense on the ground that equity alone could afford relief.

The substance of the various causes of demurrer assigned is, that the defense was a legal defense over which the circuit court had complete jurisdiction, and that its decision was final; that the complainant was guilty of laches in not making his defense at law, and shows in his bill, no sufficient reason for now being allowed to make it; that if the circuit court, having jurisdiction of the matters of defense, erroneously declined to exercise that jurisdiction, the remedy for the complainant was in that court by exception and appeal, not in this court.

It will be noticed that all these positions are dependent upon the supposition that the complainant's defense was purely legal, and, upon this supposition, the demurrer is undoubtedly well taken, unless the conduct of defendant's counsel when the case was called in the circuit court, as detailed in the bill, should be held sufficient to affect the result. Let us see, however, whether the defendant's assumption that the defense was purely legal, is correct.

The defense as set out in the bill, dependent upon the same facts, is three-fold. In the first place, the complainant insists that, after he had paid $20 interest in advance and executed his new note for the principal and left it with the person agreed upon, he was not indebted on the old note at all, but only on the new note. In the second place, he says that the old note was assigned to Thomas by John Morrow alone, fraudulently to get possession of the funds of his wife and children, and without the wife joining or participating in the assignment. The third view of the defense, which is distinctly raised by the facts, is that the complainant became surety upon the bond of Morrow to the county court, upon the express agreement that the money was to be held by him, so as to be forthcoming whenever required,—Morrow and wife being insolvent—he paying interest annually to Mrs. Morrow, and that the note was given simply as evidence that

the money was in his hands. That, in violation of this agreement, Morrow assigned the complainant's note to defendant Thomas after it was due, and of course subject to all equities which were good against it in the hands of Morrow and wife.

The first ground of defense as above stated is, in effect, that the old note was extinguished by novation, by the execution and delivery of the new note, or that the latter was received as an accord and satisfaction, or in payment of the old note. This would, I think, be a legal defense which ought to have been made at law, and which, after a failure to make at law, cannot be set up in this court without showing that the complainant was deprived of the opportunity of making it by unavoidable circumstances, or by the fault of the opposite party, or the officers of the court of law, unmixed with negligence or fault on his part.

The second ground of defense is nothing more, if it amounts to anything, than the plea of *non-assignavit*, and should have been made at law.

But as to the third ground of defense, I concur with the learned counsel at law of defendant Thomas, and with the Hon. the Circuit Judge in thinking it a purely equitable one, which could only be made in this court. The facts make out an equitable right in the complainant, under the agreement of the parties, based upon the valuable consideration of his becoming surety on the bond to the county court, to hold the money to answer the requirements of that bond, and for this purpose to impound the complainant's note in the hands of Morrow and wife, or any person claiming under them who could only stand in their shoes, and to enjoin its collection until the bond to the county court was paid. It is clear that this defense could not be made at law at all, for it goes to limit the terms of the written note by parol testimony. The remedy is only in a court of equity.

This disposes of all the grounds of demurrer, and renders it unnecessary to consider whether the complainant is entitled to come into this court by reason of anything said by the defendant's counsel when the judgment by default was taken,

a point of some difficulty. Ordinarily, in a regular contest or trial at law, where the parties are at arm's length, and each battling for his client to the best of his skill, the suggestion of counsel as to the forum of redress being a court of equity, would certainly not affect his client's legal rights. Nor am I prepared to say that the facts of this case would alter this result. The demurrer, which is to the whole bill, being, however, not well taken so far as the purely equitable defense is concerned, must be overruled altogether.

NOTE.—This decision was, upon appeal to the supreme court, affirmed.